UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROMMEL ANTONIO SEQUERA VIVAS,

               Petitioner,

v.

UNKNOWN PARTY et al.,

               Respondents.

_____/

Case No. 1:26-cv-1598

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.     **Procedural History**

Petitioner initiated this action in the United States District Court for the Eastern District of Michigan. (Pet., ECF No. 1.) In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing. (Pet., ECF

No. 1, PageID.7.)[1] The Eastern District of Michigan then transferred the action to this Court. (ECF No. 5.)

In an Order entered on May 18, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 10.) Respondents filed their response and a recording of the March 26, 2026, bond hearing on May 21, 2026. (Resp., ECF No. 11; Recording of Mar. 26, 2026, Bond Hearing, filed on May 21, 2026.)

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Form I-589, ECF No. 1, PageID.9.) On December 19, 2025, Petitioner was arrested by Department of Homeland Security (DHS) agents. (Pet., ECF No. 1, PageID.4.)

On February 25, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Sequera Vivas v. Unknown Party #1* (*Sequera Vivas I*), No. 1:26-cv-636 (W.D. Mich.). In *Sequera Vivas I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Sequera Vivas I*, (W.D. Mich. Mar. 19, 2026), (ECF Nos. 9, 10).

---

[1] In addition to filing his § 2241 petition, Petitioner filed a motion to appoint counsel. (ECF No. 3.) There is no constitutional right to appointed counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)); *see* 18 U.S.C. § 3006A(a)(2)(B) (indicating that a federal court has the discretion to appoint counsel in a habeas proceeding where "the interests of justice so require"). As set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, and the Court finds no basis for the appointment of counsel to assist Petitioner in this matter at this time. Therefore, Petitioner's motion to appoint counsel (ECF No. 3) is denied.

On March 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Rep., *Sequera Vivas I*, (W.D. Mich. Mar. 27, 2026), (ECF No. 11, PageID.112). At the conclusion of the March 26, 2026, hearing, the immigration judge denied Petitioner's request for bond because "the bond record fails to demonstrate [Petitioner] is not a flight risk." Order Immigration Judge, *Sequera Vivas I*, (W.D. Mich Mar. 27, 2026), (ECF No. 11-1, PageID.117).

III.    **Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

IV.    **Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

3

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:        June 3, 2026              /s/ Jane M. Beckering
                                        Jane M. Beckering
                                        United States District Judge